UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTEZ HOOKER,

    Petitioner,

v.                                   CASE NO. 8:20-cv-549-TPB-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Artez Hooker petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for first-degree murder and tampering with a witness. (Doc. 1) The Respondent concedes that the petition is timely, concedes that the single claim raised in the petition is exhausted, and asserts that the claim is meritless. (Doc. 8) After reviewing the petition, the response, the reply (Doc. 15), and the supplemental memorandum to the reply (Doc. 18), the Court **DENIES** the petition.

Evidence at trial proved that Hooker murdered Doncaro Small at a club called Hollywood Nights in St. Petersburg, Florida. Eleven days before the murder, Hooker and his friend fought with Jacob Land and Land's brother at another club, and Land's brother shot Hooker in the leg. (Doc. 8-2 at 705–14) On the night of the murder, Hooker and his friends fought with Land and Land's friends, including Small, at Hollywood Nights. (Doc. 8-2 at 619–31, 722–24) A witness saw Hooker

1

enter the club with a gun in his hand. (Doc. 8-2 at 638–39) Twenty or thirty seconds later, the witness heard a gunshot. (Doc. 8-2 at 641–43) Hooker's half-brother heard the gunshot, ran with Hooker to their car, and did not observe a gun in Hooker's hand. (Doc. 8-3 at 166–67, 169) After Hooker returned to the club and came back to the car, his half-brother saw a chrome gun in Hooker's right hand. (Doc. 8-3 at 167–68, 177) Hooker, a convicted felon, admitted to a detective that he had possessed a firearm that night but claimed that Robert Sowell shot and killed Small. (Doc. 8-3 at 201, 210, 212, 225, 486–87)

Sowell testified that he heard the gunshot and saw Hooker standing in the club with a gun. (Doc. 8-2 at 838) After the shooting, Hooker offered Sowell $20,000.00 to confess to the murder. (Doc. 8-2 at 846–48) Hooker and Sowell met with Hooker's attorney, Sowell began to reconsider his acceptance of the offer, and Hooker urged Sowell to write a confession. (Doc. 8-2 at 849–59) When Sowell wrote that he "heard" a gunshot, Hooker told Sowell to scratch out the word "heard" and write "shot." (Docs. 8-2 at 859–68 and 8-3 at 92–94) Sowell grabbed the edited confession and walked out of the attorney's office. (Doc. 8-2 at 869–71) Hooker followed Sowell, grabbed him, and tried to recover the confession. (Doc. 8-2 at 871–72) Police arrived and arrested both Hooker and Sowell. (Doc. 8-2 at 804–11)

The prosecutor's theory at trial was that Hooker, a leader of a gang, murdered Small to retaliate for the gunshot that Hooker suffered eleven days before the murder. A detective, who was familiar with a gang called "8-Hype," identified

Hooker in a photograph displaying hand gestures associated with "8-Hype" and testified that Hooker was a member of the gang. (Doc. 8-2 at 801–03)

A jury found Hooker guilty of first-degree murder and tampering with a witness (Doc. 8-3 at 826), the trial court imposed two consecutive life sentences for the convictions (Doc. 8-3 at 828–29), and the state appellate court affirmed. *Hooker v. State*, 197 So. 3d 49 (Fla. 2d DCA 2016). Hooker moved for post-conviction relief and asserted the ineffective assistance of counsel claim that he raises in his federal petition. (Doc. 8-6 at 395–410) The post-conviction court denied the claim on the merits (Doc. 8-6 at 2–33), and the state appellate court affirmed in a decision without a written opinion. *Hooker v. State*, 280 So. 3d 16 (Fla. 2d DCA 2019).

Because Hooker filed his federal petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, AEDPA governs the review of his claim. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997). Under AEDPA, a federal court cannot grant relief unless Hooker demonstrates that the state court's adjudication of the claim (1) was contrary to or an unreasonable application of clearly established federal law or (2) was based on an unreasonable determination of a fact. 28 U.S.C. § 2254(d).

In his federal petition, Hooker asserts that trial counsel was ineffective (1) for not objecting to evidence that he was the leader of a gang that engaged in narcotics trafficking and other criminal activity and (2) for opening the door to the admission of that evidence. (Doc. 1 at 5) Because the state appellate court affirmed in a decision without a written opinion the post-conviction court's order denying the

3

claim, this Court "look[s] through" the unexplained decision to the post-conviction court's order, which does provide reasons. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).[1]

This Court carefully reviewed the post-conviction court's thorough and well-reasoned thirty-two-page order denying relief.  The post-conviction court identified the appropriate test for an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 8-6 at 3), did not unreasonably determine that the record showed that trial counsel objected at a pretrial hearing to the admission of evidence of Hooker's gang membership and objected during trial to testimony about his gang membership and the gang's criminal activity (Docs. 8-2 at 41–49, 63–71, 603–06, 764–66, 773–87, 789–91 and 8-6 at 9–13, 17), and did not unreasonably determine that, under state law, the trial court would have overruled any further objection and would have denied a motion for mistrial.  (Doc. 8-6 at 17–26)  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.") (citations omitted); *Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'") (citation omitted).

---

[1] Hooker submits with his supplemental reply documents from bar disciplinary proceedings against trial counsel. (Docs. 18-1 and 18-2) Because "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," this Court does not consider these documents. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Because the ineffective assistance of counsel claim turns on a question of state law, this Court defers to the post-conviction court's determination that under state law the trial court would have overruled any further objection and would have denied a motion for mistrial. *Herring v. Sec'y, Dep't Corrs.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [trial counsel] done what Herring argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). Because the trial court would have overruled an objection and would have denied a motion, the post-conviction court did not unreasonably conclude that trial counsel did not deficiently perform. *Meders v. Warden, Ga. Diag. Prison*, 911 F.3d 1335, 1354 (11th Cir. 2019) ("It is not ineffective assistance of counsel to fail to make an objection that is not due to be sustained.").

Accordingly, the Court **DENIES** Hooker's petition (Doc. 1) for a writ of habeas corpus. A certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk is **DIRECTED** to **CLOSE** this case.

ORDERED in Tampa, Florida, on November 1, 2022.

_____
THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE